## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:20-CV-210

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| APPROXIMATELY $11,962.62 IN U.S. | ) | |
| CURRENCY seized from Jonathan Andrew | ) | |
| Mejia on or about February 18, 2020, in | ) | |
| Buncombe County, North Carolina, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the Government's Motion for Default Judgment of Forfeiture. (ECF No. 7). Pursuant to Fed. R. Civ. P. 55(b)(2), the Government requests that the Court enter a Default Judgment of Forfeiture with respect to the $11,962.62 in United States Currency ("the Defendant Currency") identified in the Complaint.

## I. FACTUAL BACKGROUND

Where, as here, an entry of default occurs, the defaulted party is deemed to have admitted all well-pleaded allegations of fact in the complaint. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2011); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied"). Thus, the factual allegations in the Government's Complaint, ECF No. 1, are deemed admitted as true. The following is a recitation of the relevant, admitted facts:

On January 6, 2020, Jonathan Andrew Mejia was charged with state felony drug offenses, including possession with intent to distribute marijuana. *Id.* ¶ 7. On February 18, 2020, per the

1

terms of Mr. Mejia's probation, Asheville Police Department Detective Brad Beddow assisted North Carolina Department of Public Safety Probation and Parole Officers in executing a court-approved warrantless search of Mr. Mejia's residence at 40 Coley's Circle, Apartment 302, Asheville, North Carolina. *Id.* ¶ 8.

During the search of Mr. Mejia's residence on February 18, 2020, officers located, among other things: (1) approximately 369.5 grams of marijuana; (2) 23 dosage units of THC vaping cartridges; (3) approximately 215 grams of marijuana resin wax; (4) a loaded S&W automatic 9mm pistol, which was found in a fanny pack under his minor daughter's bed; (5) drug paraphernalia, including wax paper, plastic baggies, and digital scales; and (6) the Defendant Currency. *Id.* ¶ 9. The Defendant Currency consisted of mostly smaller bills, such as $20s, $10s, $5s, and $1s. *Id.* ¶ 11. Some of the Defendant Currency was separated by rubber bands. *Id.* The denomination of the Defendant Currency and the manner in which it was packaged was consistent with drug trafficking. *Id.* ¶ 12.

Following these events, on March 1, 2019, Mr. Mejia was charged with, among other things, felony possession with intent to distribute marijuana, possession of drug paraphernalia, and failure to store a firearm to protect a minor. *Id.* ¶ 13.

Prior to serving Mr. Mejia with his warrants, Detective Beddow spoke with Mr. Mejia at the Buncombe County Detention Facility and advised him of his *Miranda* rights. *Id.* ¶ 14. Mr. Mejia voluntarily agreed to speak with Detective Beddow. *Id.* Among other things, Mr. Mejia admitted that he was currently unemployed, and that the last job he held was at Arby's approximately 3 months ago. *Id.* ¶ 15. Mr. Mejia also stated to Detective Beddow that the majority of the Defendant Currency was his girlfriend's, Ceecret Allen. *Id.* ¶ 16. Mr. Mejia further indicated that he did not know the denomination of the Defendant Currency. *Id.*

2

Detective Beddow subsequently monitored jail calls made by Mr. Mejia to several individuals, including his girlfriend Ms. Allen, his parents, and his brother Giovanni Mejia. *Id.* ¶ 17. Mr. Mejia made statements during these jail calls about the Defendant Currency that were inconsistent with what he represented to Detective Beddow. *Id.* ¶ 18. For example, although Mr. Mejia previously told Detective Beddow that he did not know the denomination of the Defendant Currency, during at least one jail call, Mr. Mejia described in detail where the Defendant Currency was found, its denomination, and how it was packaged. *Id.* ¶ 19.

Additionally, although Mr. Mejia previously informed Detective Beddow that the majority of the Defendant Currency was Ms. Allen's, during jail calls, Mr. Mejia provided instructions to Ms. Allen and other individuals so that he could attempt to recover the Defendant Currency. *Id.* ¶ 20. During at least one jail call, Mr. Mejia referred to the Defendant Currency as "my money." *Id.*

During other jail calls, Mr. Mejia's brother asked Mr. Mejia if he wanted him to "make plays" on his behalf, and Mr. Mejia agreed. *Id.* ¶ 21. Mr. Mejia provided his Snapchat username and password to his brother. *Id.* Mr. Mejia's brother told him that he would be on his "Snap" (i.e., Snapchat) "making plays" for him. In the drug trade arena, "making plays" means making drug sales. *Id.* On February 21, 2020, a trained and certified narcotics K-9 positively alerted to the Defendant Currency. *Id.* ¶ 22.

## II.    PROCEDURAL BACKGROUND

On August 3, 2020, the Government filed a Verified Complaint for Forfeiture *In Rem*, alleging that the Defendant Currency seized from Mr. Mejia on or about February 18, 2020, is subject to civil forfeiture under 21 U.S.C. § 881(a)(6). ECF No. 1. The day after the Complaint was filed, the Clerk issued a Warrant for Arrest *In Rem* for the Defendant Currency. ECF No. 2.

After the Government filed its Complaint, in accordance with Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), the Government provided direct notice of this action to known potential claimants. Specifically, on August 10, 2020, the Government mailed notice and a copy of the Complaint to Mr. Mejia, Ceecret Allen, and Luz Mejia at their addresses of record via FedEx. *See* ECF No. 8-1. Additionally, in accordance with Supplemental Rule G(4)(a), the Government provided notice by publication as to all persons with potential claims to the Defendant Currency by publishing notice via www.forfeiture.gov from August 7, 2020, until September 5, 2020. ECF No. 4.

During the pendency of this action, no individual or entity has made a timely claim to the Defendant Currency. On December 8, 2020, pursuant to Fed. R. Civ. P. 55(a), the Government filed a motion for entry of default, ECF No. 5, and that same day the Clerk entered default. *See* ECF No. 6.

### III. DISCUSSION

Pursuant to the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), the Government has the initial burden of establishing by a preponderance of the evidence that the defendant property is subject to forfeiture. 18 U.S.C. § 983(c)(1). A complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2)(f). The Government may seek forfeiture of currency if it was used, or intended to be used, in exchange for a controlled substance, or represents proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate a violation of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* *See* 21 U.S.C. § 881(a)(6).

4

Based on the allegations of the Government's Verified Complaint—which are deemed admitted as true—the Court finds that the Government has satisfied its burden of showing that the Defendant Currency is subject to forfeiture under 21 U.S.C. § 881(a)(6). Additionally, the Government has taken reasonable steps to provide notice to known potential claimants, and the Government has otherwise complied with the notice requirements set forth in Supplemental Rule G(4). No individual or entity has timely filed a claim to the Defendant Currency. After careful review, the Court finds that the Government has established that default judgment is appropriate.

## IV.    JUDGMENT

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the Government's Motion for Default Judgment of Forfeiture is hereby **GRANTED** and Judgment of Forfeiture is **ENTERED** in favor of the United States against all persons and entities with respect to the following property:

1)      $11,962.62 IN U.S. CURRENCY seized from Jonathan Andrew Mejia on or about February 18, 2020, in Buncombe County, North Carolina

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that any right, title, and interest of all persons to the Defendant Currency is hereby forfeited to the United States, and no other right, title, or interest shall exist therein.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the United States Marshal is hereby directed to dispose of the forfeited Defendant Currency as provided by law.

Signed: January 9, 2021

Max O. Cogburn Jr.
United States District Judge